# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

NICHOLAS AMRINE,            )
                            )
    Petitioner,         )
                            )
vs.                         )   Case No. 11-CV-498-JHP-FHM
                            )
JUSTIN JONES, Director;     )
ATTORNEY GENERAL OF THE     )
STATE OF OKLAHOMA,          )
                            )
    Respondents.        )

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 17). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 19) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his convictions entered in Ottawa County District Court, Case Nos. CF-2009-42 and CF-2009-45. See Dkt. # 1. The record reflects that on May 4, 2009, the state district judge found Petitioner guilty after accepting his pleas of guilty to multiple charges filed in those cases, all After Former Conviction of Two Felonies. See Dkt. # 18, Ex. 1. Petitioner was sentenced that day in both cases to life imprisonment with all but the first fifteen (15) years suspended, with all sentences to be served concurrently. Id. Petitioner did not move to withdraw his guilty pleas and he did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 18, Exs. 5, 6, 7.

On March 30, 2011, Petitioner filed an application for post-conviction relief. See Dkt. # 18, Ex. 2. The state district court denied the application by order filed April 5, 2011. Id., Ex. 3. Petitioner appealed to the OCCA. By order filed June 16, 2011, in Case No. PC-2011-337, the OCCA affirmed the district court's denial of post-conviction relief. Id., Ex. 5.

On July 20, 2011, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma. Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on July 15, 2011. Id. On August 10, 2011, the case was transferred to this Court. See Dkt. # 8. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. See Dkt. #s 17, 18.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed to file a timely motion to withdraw his guilty pleas in Case Nos. CF-2009-42 and CF-2009-45, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on May 14, 2009. See Rule 4.2, Rules of the Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions began to run on May 15, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after May 15, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed, at the earliest, on July 15, 2011, the day Petitioner states that he placed his petition in the prison mailing system. See Houston v. Lack, 487 U.S. 266 (1988); Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (applying prisoner "mailbox rule" to filing of habeas petition). Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v.

Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was not filed until March 30, 2011, or more than (10) months after the May 15, 2010, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on July 15, 2011, at the earliest, appears to be untimely.

Petitioner filed a response (Dkt. # 19) objecting to the motion to dismiss. He argues that his petition should not be dismissed as time-barred because he "has been shipped from one restricted houseing [sic] unit to the next" and the legal assistance provided has been "almost non-exsistant [sic]." See Dkt. # 19. He claims that the law librarian at the Lawton Correctional Center "is not by any means trained in law and can barely speak english [sic]." Id. Petitioner further argues that his "continued denial of access to the prison law library is a state imposed impediment." Id.

First, Petitioner has not demonstrated that 28 U.S.C. § 2244(d)(1)(B) (providing that the limitations period may begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action") applies to this case. Petitioner has not explained how the allegedly deficient library facilities and law clerks constituted a state-created impediment, in violation of the Constitution, to filing a timely habeas petition. The Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," but only a "right of access to the courts." Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To establish a

violation of the constitutional right to access to the courts, Petitioner must allege with some specificity how the state actually hindered his access "and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (citing Lewis, 518 U.S. at 349-50). Petitioner has not provided anything more than generalized allegations of restricted access.

For much the same reason, Petitioner has not demonstrated entitlement to equitable tolling. The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller, 141 F.3d at 978. However, equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has failed to show that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's conclusory allegations concerning his limited access to legal materials at his facility do not justify equitable tolling. See Miller, 141 F.3d at 978 (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes

5

and case law or that the procedure to request specific materials was inadequate"); Garcia v. Hatch, 343 Fed. Appx. 316, 318 (10th Cir. 2009) (unpublished) (same). Nor has Petitioner explained how restrictions on his access to legal materials impeded his ability to file a timely habeas petition. Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner); United States v. Martinez, 303 Fed. Appx. 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner).

## *CONCLUSION*

This petition is time barred. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 17) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

DATED THIS 17th day of May 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma